# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ARCELORMITTAL USA, LLC,**
**Employer Below, Petitioner**

**vs.) No. 23-ICA-281**          (JCN: 2018003289)

**DAVID SAUNDERS,**
**Claimant Below, Respondent**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner ArcelorMittal USA, LLC, ("ArcelorMittal") appeals the May 10, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent David Saunders filed a response.[1] ArcelorMittal did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Saunders a 3% permanent partial disability ("PPD") award and instead granted him an 8% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 26, 2017, while employed by ArcelorMittal, Mr. Saunders sustained injuries to his lower back and pelvis when he was hit by a truck. The claim administrator issued an order dated May 16, 2018, holding the claim compensable for a contusion of the lower back and pelvis.

Prasadarao Mukkamala, M.D., issued a report dated December 4, 2019, detailing his evaluation of Mr. Saunders. Mr. Saunders reported low back pain that radiated to the right lower extremity, mid-back pain, and neck pain. Dr. Mukkamala opined that Mr. Saunders suffered a contusion to the lower back and pelvis. Dr. Mukkamala further opined that Mr. Saunders was at maximum medical improvement ("MMI") for his compensable injury. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*") and the West Virginia Code of State Rules § 85-20

---

[1] ArcelorMittal is represented by Jeffrey B. Brannon, Esq. Mr. Saunders is represented by Gregory S. Prudich, Esq.

1

(2006) ("Rule 20"), Dr. Mukkamala found that Mr. Saunders had 8% whole person impairment ("WPI") related to the low back and 0% WPI related to the pelvis. Dr. Mukkamala opined that apportionment was appropriate after noting radiographic evidence of preexisting degenerative spondyloarthropathy. Dr. Mukkamala apportioned 5% of the total impairment to preexisting degenerative spondyloarthropathy and opined that 3% WPI was related to the compensable injury. On January 14, 2020, the claim administrator issued an order granting Mr. Saunders a 3% PPD award, based on the report of Dr. Mukkamala. Mr. Saunders protested this order.

On July 7, 2022, Bruce Guberman, M.D., issued a report regarding his evaluation of Mr. Saunders. Dr. Guberman opined that Mr. Saunders suffered a post-traumatic strain of the lumbosacral spine superimposed on preexisting but dormant degenerative joint and disc disease and that Mr. Saunders was at MMI for his compensable injury. Using the *Guides* and Rule 20, Dr. Guberman found that Mr. Saunders had 8% WPI related to the compensable injury. Dr. Guberman noted the radiographic evidence of preexisting degenerative disc disease in Mr. Saunders' spine. However, Dr. Guberman determined that there was no reasonable basis to apportion for the preexisting degenerative disc disease because there was no evidence that Mr. Saunders had experienced any prior symptoms or received any prior treatment for the preexisting condition and there was no evidence that the preexisting condition affected his activities of daily living or ability to work prior to his compensable injury. Thus, Dr. Guberman found that the entire 8% WPI was associated with the compensable injury.

Mr. Saunders was evaluated by David Soulsby, M.D., who issued a report dated December 6, 2022. Dr. Soulsby diagnosed Mr. Saunders with lumbar sprain/strain, thoracic sprain/strain, and lumbar degenerative disc disease and found that he was at MMI for his compensable injury. Using the *Guides* and Rule 20, Dr. Soulsby opined that Mr. Saunders had 8% WPI related to the lumbar spine. Dr. Soulsby apportioned 4% of the lumbar spine impairment to preexisting degenerative disc disease. After apportionment, Dr. Soulsby found that Mr. Saunders had 4% WPI related to the compensable injury.

On May 10, 2023, the Board issued an order reversing the claim administrator's order, which granted Mr. Boles a 3% PPD award and instead granted Mr. Saunders an 8% PPD award. The Board found that Mr. Saunders had established that he was entitled to an 8% PPD award based on the report of Dr. Guberman. ArcelorMittal now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

2

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, ArcelorMittal argues that Drs. Mukkamala and Soulsby appropriately apportioned for Mr. Saunders preexisting degenerative conditions based on radiographic findings and post-injury range of motion findings making their opinions more reliable than that of Dr. Guberman. ArcelorMittal further argues that Dr. Guberman's failure to appropriately apportion for the preexisting conditions renders his opinion unreliable. We disagree.

In *Duff*, this Court found that:

The Supreme Court of Appeals of West Virginia has previously recognized that radiographic evidence of degenerative changes alone is not sufficient to allow apportionment for preexisting injury. There must be something more, some evidence of a detrimental effect on work or the activities of daily living. Where such evidence of impairment is lacking, the Court has found that apportionment was not appropriate. *See Galaxy Distributing of WV, Inc. v. Spangler*, No. 19-0803, 2020 WL 6559079 (W. Va. Nov. 6, 2020) (memorandum decision) (unanimous decision) (the Board did not err in finding that apportionment was arbitrary and speculative where preexisting changes to right shoulder did not appear to affect the claimant's work or daily activities); *Minor v. West Virginia Division of Motor Vehicles*, No. 17-0077, 2017 WL 6503113, at *2 (W. Va. Dec. 19, 2017) (memorandum decision) (3-2 decision reversing Board of Review decision apportioning for preexisting condition) ("While the 2004 x-ray may have shown degenerative changes [to the right knee], those changes did not appear to affect Mr. Minor's ability to work or his activities of daily living. Therefore, we agree with the Office of Judges' findings that . . . . apportionment of the impairment rating due to the 2004 x-ray was improper. . . .").

3

*Duff* at 558, 882 S.E.2d at 924.

Here, the Board found that Dr. Guberman's report was the most reliable because he did not apportion for Mr. Saunders' preexisting degenerative disc disease and spondylosis when there was no evidence that those conditions were symptomatic prior to his compensable injury nor evidence that the conditions affected Mr. Saunders' work or daily life. The Board further found that the reports of Drs. Soulsby and Mukkamala were unpersuasive because they inappropriately apportioned for the preexisting degenerative disc disease and spondylosis based solely on radiographic evidence and post-injury range of motion findings. Ultimately, the Board found that Mr. Saunders was entitled to an 8% PPD award based on Dr. Guberman's report.

Upon review, we conclude that the Board was not clearly wrong in finding that it was inappropriate to apportion for Mr. Saunders' preexisting condition when, prior to the compensable injury, the condition was asymptomatic, did not affect his life or work, and was only documented by imaging evidence. Further, the Board was not clearly wrong in finding that Dr. Guberman's report was more persuasive than the reports of Drs. Soulsby and Mukkamala, because Dr. Guberman appropriately refrained from apportioning for an asymptomatic preexisting condition. Finally, the Board was not clearly wrong in determining that Mr. Saunders is entitled to an 8% PPD award based on Dr. Guberman's report.

Accordingly, we affirm the Board's May 10, 2023, order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen